## GOODMAN *vs.* JEWETT.

The fifth section of the act of 1853, which provides that "Appeals may be had, and allowed, from the county to the superior court, by the party aggrieved, in all suits or actions of ejectment or disseisin, (Rev. Stat. tit. 1, c. 5, p. 74,) was not repealed by the fifth section of the act, passed in 1854, entitled an act in addition to, and alteration of, the act relating to courts. (Rev. Stat. tit. 1, c. 5, p. 75.)

Where it was provided, by the charter of the city of Hartford, that an appeal should be allowed from the judgment of the city court of said city, in all cases in which an appeal then was, or thereafter, by law, should be, allowed from the county court, and the plaintiff brought his action of ejectment to said city court, demanding possession of the premises described in the declaration, and ninety dollars damages; it was held, that such action was appealable.

THIS was an action of ejectment, brought originally to the city court of the city of Hartford, demanding surrendry and peaceable possession of the premises described in the declaration, and the sum of ninety dollars damages.

To the plaintiff's declaration the defendant demurred generally. The court adjudged the declaration sufficient, and thereupon rendered judgment for the plaintiff. The defendant thereupon appealed the cause to the superior court, for Hartford county, and at the term of said court holden in March, 1856, the plaintiff moved that it be erased from the docket, on the ground that the city court, to which it was originally brought, had final jurisdiction thereof, without the right of appeal.

The question, as to what judgment should be rendered in the case, was reserved for the advice of this court.

*Goodman & Collier*, in support of the motion.

*T. C. & C. Perkins*, contra.

STORRS, J. This is an action of ejectment brought to the city court of the city of Hartford; and the question is, whether it is appealable to the superior court.

Goodman *v*. Jewett.

The charter of that city, passed in 1784, provided that an appeal should be allowed from the judgment of the city court, in all cases in which an appeal then was, or thereafter by law should be, allowed from the county courts. We are, therefore, only to determine whether this action would have been appealable, if it had been brought to the county court. It would, in that case, have been plainly appealable, under the fifth section of the act of June 30, 1853, in alteration of the act for the regulation of civil actions, (Stat. Comp. of 1854, p. 74,) which provides, in terms, that "appeals may be had, and allowed, from the county to the superior court, by the party aggrieved, in all suits or actions of ejectment or disseizin;" unless, as the plaintiff claims, that section is repealed by the fifth section of the act passed in 1854, in addition to and alteration of the act relating to courts, (Stat. Comp. of 1854, p. 75.) We are of opinion that such an effect ought not to be given to the latter law. It does not, in terms, repeal the law of 1853, or any part of it; nor does it impliedly repeal the fifth section of it, by force of the principle that later statutes abrogate prior contrary statutes. That maxim applies only where the later statute is couched in negative terms, or where its provisions are so clearly repugnant to the former act that it necessarily implies a negative. 1 Blk. Com., 89. If both statutes can be reconciled, they must stand, and have a concurrent operation. 1 Sw. Dig., 12. In this case, there is, at most, only a seeming contrariety between the two sections which have been mentioned and that is made out by a strained and unnatural construction. It is not a repugnancy which is real, or of such a character as to imply that it was the design of the legislature, that the fifth section of the act of 1853 should be affected by that of the act of 1854; much less that they intended to make such an important change in the ancient policy of our law, as to vest in any of our inferior courts the power of finally determining cases, brought to try the title to real estate. On the contrary, a comparison

of these two statutes shows most plainly, that the only object of that of 1854 was to reduce the sole jurisdiction of the county court, and to enlarge correspondently the original and appellate jurisdictions of the superior court, as those jurisdictions were prescribed by the first three sections of the act of 1853, so that thereafter the sole jurisdiction of the county court should be limited to the cases mentioned in those particular sections, wherein the matter in demand did not exceed one hundred dollars, and the original and appellate jurisdiction of the superior court should extend to those, wherein it exceeded that sum. The fifth section of the act of 1853, allowing appeals in all actions of ejectment, which is a distinct and independent provision, was not intended to be affected by that alteration, and remains in force, as a part of the act thus altered.

The appeal in this case being valid on this ground, it is unnecessary to examine the other points which have been made.

The superior court is advised that the plaintiff's motion ought not to be granted.

In this opinion, the other judges, ELLSWORTH and HIN-MAN, concurred.

New trial not to be granted.