PETER KALLAHAN vs. EDGAR OSBORNE AND ANOTHER.

An appeal does not lie from the City Court of the city of Bridgeport to the Court of Common Pleas for the same county.

By the city charter all appeals from the City Court are to be taken to the Superior Court. The later act creating the court of Common Pleas and determining its jurisdiction is not in such conflict with the provision of the charter referred to as to effect its repeal by implication.

To effect a repeal by implication the prior and the later statute must be clearly in conflict. Courts should be cautious in giving such a construction as creates such a repeal.

ASSUMPSIT, brought to the City Court of the city of Bridge-port, and appealed by the defendant, after judgment rendered for the plaintiff, to the Court of Common Pleas for the county of Fairfield. Motion by the plaintiff in that court to erase from the docket, on the ground that an appeal does not lie from the City Court to the Court of Common Pleas. Reserved for the advice of this court.

*G. W. Warner*, in support of the motion.

*Lockwood*, contra.

PARK, J. This case was brought originally to the City Court of the city of Bridgeport. Judgment was rendered in the cause, and an appeal was taken to the Court of Common Pleas for the county of Fairfield. A motion was made in the latter court to erase the cause from the docket for want of jurisdiction. The court being in doubt whether or not the motion should be allowed, reserved the question for the advice of this court.

The question therefore is, has the Court of Common Pleas appellate jurisdiction of this cause? The charter of the city of Bridgeport provides that all appeals from the City Court shall be taken to the Superior Court, and unless the statute of 1870, creating the Court of Common Pleas, abrogates this provision of the charter, the defendant concedes that it remains in full force.

It is not pretended that the statute of 1870 expressly repeals this provision, or allows an appeal from the City Court to the Court of Common Pleas, but it is said that the evident object of that act was to give the Court of Common Pleas exclusive jurisdiction, either original or appellate, of all causes wherein the matter in demand does not exceed the sum of five hundred dollars, and that therefore the statute should be construed as allowing appeals of this description by intendment.

We are not satisfied, in the first place, that such was the intention of the legislature. The last section of the act de-

clares that "the provisions of this act shall not affect in any manner the jurisdiction of the City Court of the city of Bridgeport." That court had at that time, as it has now, jurisdiction of all cases wherein the matter in demand does not exceed the sum of five hundred dollars, and one of the parties resides within the limits of the city. Its jurisdiction of such causes was concurrent and co-extensive with that given to the Court of Common Pleas, and it may well be questioned whether the legislature intended that appeals should be taken from that court to a court of no greater jurisdiction as to the amount involved. But however this may be, we are satisfied that, inasmuch as there is nothing in the act creating the Court of Common Pleas conflicting with the provision in the charter of the city in relation to appeals from the City Court to the Superior Court, that provision remains in full force, for a later statute does not repeal a former one by implication unless there is repugnancy between them. Judge Swift, in the first volume of his Digest, on the 12th page, says:—"Later statutes repeal prior contrary statutes. This must be understood where the statutes are expressly contrary, or negative words are used ; otherwise, if both the statutes can be reconciled, they must stand and have a concurrent operation."

In the case of *Haynes* v. *Jenks*, 2 Pick., 176, the court say:—"Acts *in pari materia* are to be taken together as one law, and are so to be construed that every provision in them may, if possible, stand. Courts therefore should be scrupulous how they give sanction to supposed repeals by implication." See also *Rex* v. *Cator*, 4 Burr., 2026 ; *Ex parte Caruthers*, 9 East, 44 ; *Rex* v. *Justices of Middlesex*, 2 Barn. & Adol., 818; *Goodenow* v. *Buttrick*, 7 Mass., 140 ; *Bartlett* v. *King*, 12 Mass., 537.

We therefore advise the Court of Common Pleas to erase the cause from the docket.

In this opinion the other judges concurred.