## JAMES W. TOMLINSON *v.* THE TOWN OF DERBY.

A motion to set aside a verdict for the misconduct of a juror, and a motion for a new trial for errors in the rulings of the court, can be filed in the Superior Court at the same time, and can be reserved together for the advice of this court.

It is not necessary that judgment should be rendered before a motion for a new trial is allowed.

The rule that a motion to set aside a verdict must be filed within twenty-four hours after the verdict is rendered, is not an inflexible one, but the court in its discretion can allow a longer time.

And the court can allow an amendment of such a motion after the time limited has expired.

The rule has been long established and is a useful one, and it should not be departed from without good cause.

In a motion to set aside a verdict for the misconduct of a juror in conversing

Tomlinson *v.* Town of Derby.

with an outsider about the case while it was on trial, it is not necessary to set out the conversation.

Such a motion, necessarily prepared in haste, and founded upon facts often difficult of ascertainment, is not to be held to the strictness of averment that is required in a plea in abatement.

Where a juror has conversed with a person not of the panel, respecting the case on trial, it is sufficient cause for setting aside the verdict, unless it appears that the successful party in the suit has not been benefited or the defeated party injured, by the fact of the conversation.

Where a juror allowed such a conversation, in which it was stated to him that if the plaintiff should recover five thousand dollars damages he would have nothing left after paying his expenses, in which the juror expressed his concurrence, it was held, after a verdict for the plaintiff, that the effect of the conversation was presumably to increase the damages allowed, and that the verdict ought to be set aside.

CASE, for an injury from a defective highway of the defendant town; brought to the Superior Court in New Haven County, and tried to the jury, on the general issue, before *Pardee, J.* Verdict for the plaintiff, and a motion by the defendant to set aside the verdict for the misconduct of a juror, with a motion for a new trial for errors in the charge of the court. The points decided by this court will be fully understood from the opinion without a statement of the facts of the case.

*Watrous* and *Wooster,* with whom was *Torrance,* in support of the motions.

*H. B. Munson* and *Wright,* contra.

PARK, C. J. The plaintiff contends that a motion to set aside a verdict for the misconduct of a juror, and a motion for a new trial for errors claimed to have been committed by the court in the trial of a cause, cannot be made in the same case at the same time, for the reason that the one precedes and the other follows the rendition of the judgment. But we think it is not necessary that judgment should be rendered in order to lay the foundation for a motion for a new trial. It may or may not be rendered at the discretion of the court. In the case of *Collins* v. *Prentice,* 15 Conn., 423, the court advised judgment to be rendered *nunc pro tunc,*

after deciding the motion for a new trial against the party who made it.

In the present case no judgment has been rendered, as appears by the record; therefore there is no apparent inconsistency in the existence of these two motions at the same time in the case. Indeed, in almost every instance in our reports, a motion to set aside a verdict for the misconduct of a juror, has been accompanied by a motion for a new trial for errors claimed to have been committed by the court. We think there is nothing in this objection.

It is further claimed by the plaintiff that the motion to set aside the verdict rendered in this case, was not filed in time. It appears that it was prepared and handed to the clerk within twenty-four hours after the return of the verdict, and the clerk made an entry upon it to that effect. It was then handed back to the party who had prepared it, for further examination, and when it was again returned to the clerk more than twenty-four hours had elapsed from the taking in of the verdict; and hence the claim is made that the motion was not filed in time. There is no such imperative rule of law that motions of this kind must be filed within twenty-four hours, that the court cannot in its discretion allow such motions after twenty-four hours shall have elapsed. In the case of *Stone* v. *Stevens*, 12 Conn., 219, it was held that it was competent for the court, notwithstanding the rule, to fix a time within which such motions should be received. Chief Justice BUTLER, in *Hamilton* v. *Pease*, 38 Conn., 115, did not mean to be understood that the rule was imperative, so that it could not be departed from by the court in any case; much less did he intend to overrule the case of *Stone* v. *Stevens*. The rule has been long established by the courts, and experience has verified the wisdom of it. It ought not to be departed from without good cause shown to the court, but still the court may in its discretion extend the time in a particular case, or receive or allow a motion after the twenty-four hours shall have expired; and its discretion in this respect, reasonably exercised, is no subject of review by this court. Suppose after a verdict is rendered and an oral

announcement is made in court of an intention to file a motion to set aside the verdict, the counsel who is preparing the motion is suddenly taken ill and is utterly unable to complete it within the time allowed by the rule; is it so that justice must fail in the case? We think not.

What we have said upon this subject applies with equal force to the claim that the court had no right, after the twenty-four hours had expired, to allow the amendment of the original motion, by inserting the names of the persons with whom the juror had improperly conversed. The court in its discretion allowed the motion, and allowed the amendment, and its action in the matter cannot be reviewed here.

Again, it is claimed that the motion is defective, because it does not set out what the unlawful and corrupt conversations were that the juror had with the persons named in it; and does not state that the persons were not jurors impaneled to try the cause; nor that the agents or attorneys of the defendants were ignorant of the fact before the rendering of the verdict; nor that the plaintiff was in any way a party to the misconduct, or had some agency in it or knowledge of it; nor that the conversations had reference to points in issue in the case, or to some matter prejudicial to the defendants, and that they have suffered injury thereby; nor that the case had been committed to the jury when the conversations occurred, and that they occurred while the case was under consideration by the jury, or before the jury had returned their verdict; nor that the conversations were in any way relative to the case.

A party making a motion of this kind has but twenty-four hours in which to obtain his information and file his motion according to the rule, but still it is claimed that the motion should be drawn with all the technical accuracy and certainty that are required in pleas in abatement. The plaintiff insists that the party must ascertain what the conversation was and set it out in his motion, and that there can be no amendment of the motion made after the twenty-four hours have expired. Such a requirement would work a denial of justice in many cases, as it would be impossible to prepare the motion within

the time limited with such fullness of detail, while the party would be held in his proof to the exact details stated in his motion. The motion in this case is almost a verbatim copy of the form found in the second volume of Swift's Digest, page 705 ; the only difference being that this motion is an enlargement of the original in some particulars. This form has been used for many years without objection ; and we do not see but that it gives all the information that can reasonably be expected of a party under the circumstances that must ordinarily exist in such a case. The subject-matter of the motion must necessarily be new to the party making it, and if he gives the opposite party and ·the court to understand that an unlawful conversation with regard to the cause has taken place between a juror named and a particular individual, while the cause was on trial before the jury, which conversation was unknown to him before the verdict was rendered, this is all, in most cases, that can reasonably be required. Some time must elapse after the motion is made before a hearing can be had by the court, and during the time it will be an easy matter for the opposing party to inform himself in relation to the conversation. He is directed to the juror, and to the individual with whom the conversation was had, and it would be a strange neglect of his own interests if he should not inform himself in relation to it, whether the particular conversation was set out in the motion or was not; especially considering that the parties to the conversation, presumably friendly to him, would not be reluctant to give him all the information he desired. The party making such motion has generally a difficult task to perform. The parties to such a conversation almost invariably are reluctant witnesses in his favor, and are disposed to make it appear that no wrong was done ; and it is only where the conversation has casually been overheard by third persons that the truth comes out, except in rare instances. All the substantial benefit the other party can receive from the setting forth of the conversation in the motion comes from the opportunity he will have of holding the party making the motion to the allegations it contains.

If he fails to prove some parts of the conversation set forth, they will do the defendant no harm. If he proves important parts of the conversation not set forth, they will do the party making the motion no good, because the motion does not allege them. We think the motion is sufficient so far as this objection is concerned.

We think, likewise, that the allegation that the conversations were unlawfully and corruptly had with the persons named in the motion is sufficient to show that these persons were not jurors impaneled to try the cause. This allegation could not be true if they were. And furthermore, the names of the persons showed conclusively that they were not such in fact.

The remaining objections to the motion are of little importance. It is alleged that the conversations were had after the cause was submitted to the jury and while the case was under consideration by them, and that the conversations were concerning the case on trial, which conversations were unknown to the defendants before the verdict was rendered in the case. We think the motion is sufficient.

In regard to the merits of the case, we think it is clear that the verdict should be set aside and a new trial had. It was an important question in the case what damages the plaintiff should recover. One of the jurors impaneled to try the case suffered a person, other than a juror, to say to him substantially, while the case was on trial, that if the trial should continue fifteen or twenty days, and the plaintiff should recover five thousand dollars damages, he would have nothing left after paying the expenses of the suit. The juror assented to the statement, and said substantially that he had learned from a party out of court during the trial what were the expenses of running the Superior Court, and expressed his opinion, derived from information thus obtained, that the costs of the trial would amount to the sum of five thousand dollars. The same juror made on another occasion, to another party not a juror, during the progress of the trial, substantially the same statement, that if the plaintiff should recover five thousand dollars there would be nothing left

after paying the expenses of the case. The same juror had other conversations with other parties not of the jury, and during the progress of the trial, and to one of them he narrated the substance of the evidence as far as it had been given. But there is no need of going further. The first two conversations respecting the damages necessary for the plaintiff to recover, in order to pay the expenses of the trial, we deem amply sufficient to set aside the verdict. Since the case of *Bennett* v. *Howard*, 3 Day, 219, the law of this state has been, that where a juror has had conversation with a party not of the panel, respecting the case on trial, it is sufficient cause to set aside the verdict, unless it appears that the successful party in the suit has not been benefited by the juror's misconduct, or the losing party injured. 1 Swift's Digest, 775; *State* v. *Watkins*, 9 Conn., 47; *Pettibone* v. *Phelps*, 13 Conn., 445; *Hamilton* v. *Pease*, 38 Conn., 115. The whole tendency of the misconduct in this case was to benefit the plaintiff and injure the defendants, and it is highly probable that it operated to enhance the amount of damages the plaintiff recovered.

The motion for a new trial has been virtually abandoned by the defendants, and the view we have taken of the motion to set aside the verdict renders it unnecessary to consider it.

The Superior Court is advised to set aside the verdict.

In this opinion the other judges concurred.