THOMAS H. L. TALLCOTT *vs.* THE TOWN OF GLASTONBURY.

Third Judicial District, New Haven, June Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.*

The plaintiff was, on October 1st, 1891, a resident of the defendant town and indebted to *H*, another resident, in the sum of $1,000, for which *H* held his demand note secured by mortgage upon real estate in said town. During the preceding month the plaintiff procured the note from the creditor, took it to the State treasurer, and paid a tax of one per cent upon its face amount, and the note thereby was exempted from all taxation for five years, pursuant to chapter 248 of the Public Acts of 1889. Thereafter the plaintiff, having given in his list to the assessors, requested the board of relief to deduct the amount of said debt from his list, pursuant to § 3854 of the General Statutes. *Held* that the plaintiff was entitled to such deduction.

[Argued June 15th—decided July 9th, 1894.]

APPEAL by the plaintiff from the action of the board of relief of the town of Glastonbury in refusing to deduct a certain item from his tax list; brought to the Superior Court in Hartford County and tried to the court, *Shumway, J.;* facts found and case reserved for the advice of this court. *Judgment advised for the plaintiff (appellant).*

The case is fully stated in the opinion.

*William C. Case,* for the appellant.

*John R. Buck,* for the appellee.

*Transferred from the first judicial district by consent of the parties and agreement of court.—R.

FENN, J. This is an application in the nature of an appeal, pursuant to General Statutes, § 3860, from the action of the board of relief of the town of Glastonbury, to the Superior Court, which was reserved by that court for our advice. The material facts are these :—

On October 1st, 1891, the plaintiff was a resident of said town, and was indebted to one Hardin, another resident, in the sum of $1,000, evidenced by the plaintiff's note on demand, and secured by mortgage on real estate in said town. On September 15th, 1891, the plaintiff paid into the treasury of this State a tax of one per centum on the face amount of said note for five years, and the treasurer thereupon duly indorsed the fact of such payment and consequent exemption upon said note. The plaintiff having made and delivered to the assessors his list, requested the board of relief to deduct the amount of said debt from such list. This the board of relief refused to do. The sole question is, was the plaintiff entitled to such deduction?

General Statutes, § 3854, provides that : "If any resident in any town shall be indebted to another resident in this State, in such manner that the debt is liable to be assessed and set in the list of the creditor, the board of relief for such town shall, on his request, deduct the amount thereof from the list of such debtor, and add the same to the list of the creditor, if resident in the same town ; * * * " Section 9 of chapter 248 of the Public Acts of 1889 provided that: "Any person may take or send to the office of the treasurer of this State, any bond, note, or other chose in action, and may pay to the State a tax of one per centum on the face amount thereof for five years "; that "the treasurer shall thereupon indorse " that " the same is exempted from all taxation for the period of five years," and that the same shall be so exempt.

It is the claim of counsel in behalf of the defendant that the note in question was not liable to taxation on and after October 1st, 1891, and hence the debt was not liable to be assessed and set in the list of the creditor, and therefore does not come within the provisions of General Statutes, § 3854; that "it is *taxable* property that the law requires

shall be put into the list, not untaxable or exempted property." It is further said that it does not appear that by the legislation in force in 1891, the legislature intended to exempt real estate mortgaged to secure " bonds, notes, and other choses in action," which had been exempted by the payment of the tax of one per centum; and that the amended Act of 1893 (Public Acts 1893, Chap. 207) " explicitly takes away the privilege of exempting the notes themselves, when secured by mortgage on property in this State."

It appears to us that if any assistance can be afforded by the subsequent and amendatory legislation of 1893, in determining the intention of the legislature as expressed in the Act of 1889, it does not tend to support the defendant's claim. It was only because " bonds and notes secured by mortgage on real estate situated in this State," were within the operation of the provisions of the Act of 1889, that any occasion existed to except them from it by the amendment of 1893. But there would be no necessity to make such exception, provided the payment of the tax to the State, in order to obtain exemption from further taxation of the chose in action, operated to prevent the owner of " the real estate situated in this State," mortgaged as security, from claiming a deduction on account of indebtedness. The State would be the gainer in revenue by the amount, if any, which it received, as the price of exemptions to creditors, which preventing their debtors from claiming deduction, left the aggregate of other taxation the same as if the State tax had not been paid, and the immunity not conferred. It is quite true that the note in question was not liable to taxation on October 1st, 1891, but that was because on September 15th, 1891, the prescribed tax was paid in advance for the period of five years. So if " the debt was not liable to be assessed and set in the list of the creditor," it was for the reason that it had already, in effect, been so assessed and set in his list. If the board of relief could not " add it," it was because the purpose of such addition, the ultimate receipt of a tax upon it, was already accomplished in the summary alternative method provided by law.

The facts in this case show that the plaintiff on September 15th, 1891, was indebted in such manner that the debt was liable to be assessed and set in the list of the creditor. We do not think it changed either the fact or the manner of such indebtedness, when on said day the equivalent of assessment to, and setting in the list of, the creditor was performed. Such performance ought not to be held to divest the plaintiff of the beneficial right of exemption conferred upon him by the statute.

No doubt the legislature could have repealed such exemption if they had so desired. But nothing in the Act of 1889 indicates any such intention, or justifies our finding such repeal by implication. The old and new legislation might well stand together. Presumptively, therefore, it was designed that it should. This presumption is at least not impaired by the fact that when four years later an amendment of the Act of 1889 was found expedient, such amendment, as we have seen, took away the new privilege of the creditor, and made no reference to the old one of the debtor.

The Superior Court is advised to render judgment for the plaintiff.

In this opinion the other judges concurred.