## THOMAS WALSH *vs.* THE CITY OF BRIDGEPORT.

Third Judicial District, New Haven, June Term, 1914.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Assignments of error which find no support in the record will be disregarded.

An ordinance of the city of Bridgeport (§ 134 as amended in 1909), after requiring the board of fire commissioners to keep records and semimonthly pay-rolls of the officers and members of the fire department, and after prescribing a method of drawing and disbursing the amount of the pay-rolls, empowered the board to continue, in its discretion, the salary of any officer or member of the department who should receive an injury, while in the performance of his duty, which incapacitated him from service. *Held* that a fireman whose incapacity was due to illness, and not to any injury received while on duty, was not entitled to salary or compensation during such incapacity and while absent from his post.

In 1910 an ordinance graded the permanent members of the fire department into three classes according to length of service, fixed the "yearly salary" for each class at stated amounts, and repealed all inconsistent ordinances. *Held* that there was no inconsistency or repugnancy between this ordinance and that of 1909, and therefore each was effective and the two operated concurrently.

A later statute or ordinance, although not repugnant in terms to an earlier one, may operate as a repeal of it; but to do this it must cover the whole subject-matter of the earlier Act, and contain new provisions which plainly show that it was intended as a substitute for the old; otherwise the two will stand together.

A repeal of a statute by implication is not favored.

The words "salary" and "wages" are frequently used as synonymous, convertible terms, though the former may, under certain circumstances, refer to the compensation for official or other services and the latter to compensation for labor.

Argued June 5th—decided October 8th, 1914.

ACTION by a member of the fire department of the city of Bridgeport to recover his salary for a period of two weeks during which he was incapacitated by illness not arising out of his employment, brought to and tried by the City Court of Bridgeport, *Coughlin, J.;* facts

found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*Hugh J. Lavery* and *Lawrence S. Finkelstone,* for the appellant (plaintiff).

*John S. Pullman,* for the appellee (defendant).

RORABACK, J.    This is an action brought by Thomas Walsh, a fireman of the city of Bridgeport. . The plaintiff alleges in his complaint that there is a certain sum of money due him as a portion of his salary as a fireman of the defendant city, which it, through its board of fire commissioners, refused to pay.

The record shows that this case was tried in the City Court of Bridgeport at its March term, 1914; that the court, having heard the parties, found the issues for the defendant, and adjudged that the defendant recover of the plaintiff its costs.

The plaintiff appealed, and the parties agreed to a finding of facts in the case, which the trial court adopted.

Upon appeal to this court the only errors assigned are: (1) "That the court erred and mistook the law in ruling that upon the allegations of the complaint alleged and proved, said Thomas Walsh was not a salaried public officer of the City of Bridgeport. (2) That the court erred and mistook the law in ruling that upon the allegations of the complaint alleged and proved, the said Thomas Walsh was not entitled to his salary during the time he was°absent from duty by reason of illness. (3) That the court erred and mistook the law in ruling that upon the allegations of the complaint alleged and proved, the ordinance of the City of Bridgeport, which became effective on the first day of April, 1910, said ordinance regulating the pay of fire-

men of said city, did not repeal such portions of
Section 134 of the ordinances of the City of Bridge-
port, as amended on March 15th, 1909, as gives the
Fire Commissioners the power to deduct pay from the
salary of the said Thomas Walsh, while the said Thomas
Walsh was absent from duty by reason of illness."

The plaintiff, in his assignment of errors, assumes that
the record showed that the allegations of the complaint
have been found to be proven. This assumption is not
true. The record discloses no foundation for any such
claim. The allegations of the complaint and the finding
of facts in several particulars are materially different.
Assignments of error should be supported by the rec-
ord. *Palmer* v. *Hartford Dredging Co.,* 73 Conn. 182,
190, 47 Atl 125.

The third reason of appeal, although improperly
framed, we shall treat, as both parties have treated it,
as if properly made for the purpose of considering the
action of the trial court in holding that the ordinance
which took effect in April, 1910, raising the firemen's
pay, did not repeal § 134 of the ordinance of 1909, which
requires "an accurate semi-monthly payroll of the
officers and members of the fire department, in which
shall be designated the date and period of service of
each officer and member and the amount due each of
them up to the first and 16th days of each month re-
spectively."

The charter of the city of Bridgeport authorizes the
common council to make, alter and repeal orders and
ordinances regulating the fire department and fixing
the salaries of its members. 15 Special Laws, p. 513,
§ 53. Pursuant to this power the common council has
from time to time passed ordinances changing the pay
of the city firemen and regulating the manner in which
the pay-rolls of the fire department should be made up.

In May, 1907, the plaintiff was duly appointed a

fireman of the city of Bridgeport and is still a member of that department.

On March 15th, 1909, the ordinance upon this subject was amended to read, in part, as follows: "Section 134. The board of fire commissioners shall keep a record of the officers and members of the department and of each separate company thereof. They shall also keep an accurate semi-monthly payroll of the officers and members of the fire department, in which shall be designated the date and period of service of each officer and member and the amount due each of them up to the first and 16th days of each month respectively, and said payroll shall be delivered to the city auditor on or before the 1st and 16th days of each month to be kept on file. The city clerk is hereby authorized and empowered to draw his order on the city treasurer on the 1st and 16th days of each month respectively, for the amount of such payrolls in favor of the clerk of the board of fire commissioners or of the president of the board of commissioners and the amount so received by said clerk of the board of fire commissioners shall be disbursed by him to the officers and members of the fire department in the manner herein provided, but in the absence or disability of said clerk, by the president of the board of fire commissioners or such person as the fire commissioners shall designate. On the 1st and 16th days of each month, respectively, said clerk of the board of fire commissioners shall pay to each officer and member of the fire department that sum of money which is due to each of them on said days, and when payment is so made said clerk shall take a receipt upon said payroll of each officer and member so paid for the amount paid to him and said payroll thus receipted shall be lodged with the city auditor and kept on file by him. The board of fire commissioners may continue, in their discretion, the salary of any officer or member of the

fire department who shall have received any injury while in the performance of his duty incapacitating him from performing his usual duties in said department."

The last clause, which gives the board of fire commissioners power, in their discretion, to, continue the salaries of members during their incapacity resulting from injuries received while in the performance of their duties, makes the inference conclusive that but for this provision they would not be entitled to their salaries during such incapacity, nor during the time they failed to perform their duties because of incapacity not received while in the performance of their duties.

This ordinance took effect April 1st, 1909, and has never been repealed unless by the adoption of a regulation made by the defendant city, which provided: "Section 1. After April 1, 1910, the permanent drivers, hosemen, stokers, linemen, laddermen and tillermen shall be divided in three grades, the highest to be known as Grade A, the next to be known as Grade B, and the lowest to be known as Grade C. All permanent drivers, hosemen, stokers, linemen, laddermen and tillermen appointed after this ordinance takes effect shall serve the first year in Grade C, the next succeeding year in Grade B, and each succeeding year thereafter in Grade A. Each driver, hoseman, stoker, lineman, ladderman and tillerman, who is a member of the regular force on April 1, 1910, shall then be placed in that one of the grades herein provided for, to which his length of service preceding April 1, 1910, entitles him to belong. Drivers, hosemen, stokers, linemen, laddermen and tillermen may be reduced at the discretion of the board of fire commissioners from one grade to another lower grade as a punishment for any offense coming under the jurisdiction of the board of fire commissioners. Section 2. Commencing April 1, 1910, the yearly salaries

of the members of the fire department, indicated below, shall be as follows: Captains, $1,400; engineers, $1,300; lieutenants, $1,250. And Grade A, drivers, hosemen, stokers, linemen, laddermen and tillermen, $1,200. Grade B, drivers, hosemen, stokers, linemen, laddermen and tillermen, $1,100. Grade C, drivers, hosemen, stokers, linemen, laddermen and tillermen, $1,000. Section 3. This ordinance shall take effect April 1, 1910, and all ordinances or parts of ordinances heretofore enacted and inconsistent herewith, are hereby repealed, to take effect April 1, 1910."

Under this ordinance the plaintiff became a member of Grade A of the fire department, so-called, and was entitled to a salary at a yearly rate of $1,200. On April 11th, 1910, the plaintiff became ill from eczema which did not arise out of his employment as fireman, and by reason of such illness was incapacitated from duty and did not report for duty until April 25th, 1910. The bi-monthly pay-rolls of the fire department for the month of April, 1910 (as called for in § 134 of the ordinances), did not call for any payment to the plaintiff for services from April 11th, 1910, to and including April 25th, 1910. The omission of salary due to the plaintiff on the pay-rolls from April 11th, 1910, to April 25th, 1910, was due to the fact that the plaintiff did not report for duty. The plaintiff would have received from the city the sum of $46.66 more than he did actually receive for services in the month of April, 1910, if no deduction had been made in his pay-roll for the two weeks he was off duty.

It is conceded that the controlling question in the case is as to the effect of the ordinance of April, 1910, upon the ordinance of 1909 (§ 134). If the provisions of the ordinance of 1909 (§ 134) are repealed by the ordinance of 1910, the plaintiff has the right to recover; if not, this action cannot be maintained.

"All statutes, whether remedial or penal, should be construed according to the apparent intention of the legislature, to be gathered from the entire language used, in connection with the subject and purpose of the law." *Bissell* v. *Beckwith*, 32 Conn. 509, 516. The ordinance of April, 1910, embraces but one part of the general subject of the compensation of firemen. It deals with the different grades of firemen and the annual rates of compensation or salary. It makes no reference to the method of compensation, the time when it is to be paid, or the power of the commissioners to continue the salary of a member of the fire department when incapacitated from service. When two Acts are not in terms repugnant, yet if the later one covers the whole subject-matter of the former, and embraces new provisions plainly showing that it was intended as a substitute for the former, the latter will operate as a repeal of the former. *United States* v. *Tynen*, 78 U. S. (11 Wall.) 88. No such conditions exist in the present case. There is no inconsistency or repugnancy between any of the provisions of the two ordinances. When the provisions of the ordinance of 1910 are read in connection with the provisions of the ordinance of 1909, it is apparent that there was no intention that the ordinance of 1910 should in any way supersede the provisions of the ordinance of 1909. They can both stand and have concurrent operation. The two ordinances can and must be read together, that the defendant municipality may administer its finances relating to this department in an orderly and intelligent manner.

It is plain that there is no repeal of § 134, as amended in 1909, unless, as the plaintiff claims, by implication. Such repeals are not favored, and will not be extended beyond the reason therefor, nor presumed where the old and new statute may well stand together. *Windham County Savings Bank* v. *Himes*, 55 Conn. 433, 12 Atl.

517; *Bissell* v. *Dickerson*, 64 Conn. 61, 29 Atl. 226; *Kallahan* v. *Osborne*, 37 Conn. 488; *Central Railway & Electric Co.'s Appeal*, 67 Conn. 197, 35 Atl. 32. If both the earlier and the later statute can be reconciled, they must stand and have concurrent operation. *Goodman* v. *Jewett*, 24 Conn. 588; *Kallahan* v. *Osborne*, 37 Conn. 488; *Tallcott* v. *Glastonbury*, 64 Conn. 575, 30 Atl. 764. The repugnancy between the two statutes must be clear and manifest, to warrant a court in holding that the later repeals the former. *Hartford Bridge Co.* v. *East Hartford*, 16 Conn. 149; *Middletown* v. *New York, N. H. & H. R. Co.*, 62 Conn. 492, 27 Atl. 119. A statute is not repealed by a later affirmative one containing no repealing clause, unless there is irreconcilable conflict, or the later statute is clearly intended as a substitute for the earlier. *Red Rock* v. *Henry*, 106 U. S. 596, 1 Sup. Ct. Rep. 434; *Henderson's Tobacco*, 78 U. S. (11 Wall.) 652. Repeals by implication extend to only so much of the prior statute as is within the reason of repeal. They are never extended further than the inconsistency compels. *New Haven and Fairfield Counties* v. *Milford*, 64 Conn. 568, 30 Atl. 768.

It is impossible to read the two ordinances together, and come to the conclusion that there was any intention, either express or implied, in the ordinance of 1910, to change the method of regulating the compensation of the members of the fire department, or to deprive the board of fire commissioners of the discretionary power vested in them to disallow a claim for services which have never been rendered. The ordinance of 1910 deals with no such subjects directly or indirectly.

The word "salary" has not that inflexibility which the plaintiff claims for it. According to some lexicographers the words "wages" and "salary" are synonymous. The words seem to be synonymous, convertible

terms, though use and acceptation under certain circumstances may have given the word "salary" a significance somewhat different from the word "wages" in this: that the former is understood to relate to compensation given for official or other services as distinguishable from "wages," the compensation for labor. In the present case it makes but little difference whether the distinction here suggested be recognized or not. We are dealing with a case where the board of fire commissioners of Bridgeport, in their discretion, had the right to continue the salary of a member of the fire department when it should appear that he was injured while in the performance of his duty. The finding shows that Walsh became ill from eczema, which did not arise out of his employment, and that by reason of such illness he did not report for duty or render any services during the time for which he now claims to recover for services. The omission of the city of Bridgeport to pay was on this account.

There is no error.

In this opinion the other judges concurred.