## THE WINDHAM COUNTY SAVINGS BANK *vs.* JOHN L. HIMES.

Hartford Dist., Oct. T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

The act of 1833 (Gen. Statutes, p. 358, sec. 2,) provides that the foreclosure of a mortgage shall not preclude the mortgage creditor from recovering the balance of his claim after applying upon it the value of the mortgaged property at the time the foreclosure took effect, which value the court before which an action for the recovery of such balance is pending shall ascertain. Held not to be repealed by the act of 1878 (Session Laws of 1878, ch. 129), which provides that on motion of any party to a foreclosure suit the court shall appoint appraisers, who shall estimate the value of the mortgaged property within ten days after the expiration of the time for redemption and report their valuation to the court, which valuation shall be final, and in any later suit on the mortgage debt the creditor shall recover only the balance after applying upon it the amount of the valuation.

The latter statute leaves it optional with either party to obtain such an appraisal, and where it is not done the court can, under the former statute, determine the value upon proper evidence in any later suit.

Repeals by implication are not favored.

It will not be presumed that the legislature intended to repeal any portion of an old statute which may well stand with the new, the two taken together being intelligible and reasonable.

[Argued October 4th—decided December 5th, 1887.]

ACTION to recover the balance of a mortgage debt after a foreclosure of the mortgage; brought to the Superior Court in Windham County. Facts found and case reserved for the advice of this court. The case is sufficiently stated in the opinion.

*J. J. Penrose* and *J. Halsey*, with whom was *A. G. Bill*, for the plaintiff.

*M. A. Shumway*, with whom was *T. E. Graves*, for the defendant.

CARPERTER, J. This is an action to recover the balance of a mortgage debt after a foreclosure of the mortgage. The defendant was a party to the foreclosure suit. No application was made to the court to appoint appraisers to ascertain the value of the mortgaged premises at the time of the foreclosure; as there was no appraisal the defendant insists that the suit cannot be maintained. The case is reserved for the advice of this court.

Prior to 1833 the foreclosure of a mortgage operated to extinguish the mortgage debt. In that year a statute was passed which appears in the revision of 1875, p. 358, sec. 2, as follows : " The foreclosure of a mortgage shall not preclude the mortgage creditor from recovering so much of the claim to secure which the mortgage was given as the property mortgaged, estimated at the expiration of the time limited for redemption, shall be insufficient in value to satisfy."

In 1878 a statute was passed as follows :—" *Sec.* 1. The

foreclosure of a mortgage shall be a bar to any further suit or action upon the mortgage debt, note or obligation, unless the person or persons who are liable for the payment thereof are made parties to such foreclosure. *Sec.* 2. Upon the motion of any party to a foreclosure, the court shall appoint three disinterested appraisers, who shall, under oath, appraise the mortgaged property within ten days after the time limited for redemption shall have expired, and shall make written report of their appraisal to the clerk of the court where said foreclosure was had, which report shall be a part of the files of said foreclosure suit; and such appraisal shall be final and conclusive as to the value of said mortgaged property; and the mortgage creditor in any further suit or action upon the mortgage debt, note or obligation, shall recover only the difference between the value of the mortgaged property as fixed by such appraisal and the amount of his claim." Session Laws of 1878, ch. 129.

The case turns upon the construction of these two statutes. Is the former repealed by the latter? If it is, the action cannot be maintained. If not, the plaintiff is entitled to a judgment.

There is no repeal except by implication. To be a defense the former statute must be wholly repealed. As repeals by implication are not favored the new will repeal the old only so far as the two are incompatible. It will not be presumed that the legislature intended to repeal any portion of an old statute which may well stand with the new—the two taken together being intelligible and reasonable.

The statute of 1878 provides that no suit shall be brought against any person who was not made a party to the foreclosure suit. The former statute allowed such a suit, and of course to that extent is repealed. The statute of 1878 provides that when an appraisal is had under its provisions such appraisal shall be conclusive as to the value of the mortgaged premises. The old statute required the court to ascertain the value, which, being inconsistent with the new, is also repealed in all cases where there is an appraisal under

the new statute. The defendant was a party to the fore-closure suit, hence the statute does not bar this suit. But there was no appraisal; hence that portion of the statute relating to the appraisal and its effect has no application. The defendant insists that that provision of the statute is exclusive, and that, notwithstanding the fact that there was no appraisal, the value of the property cannot be ascertained in any other way. We think that such a construction gives an effect to the act which the legislature did not intend.

The first statute contains this provision:—"But the value of the property mortgaged, at the expiration of said time, shall be ascertained by the court before which the action is pending, and he shall recover only the difference between such value and the amount of his claim." This clause is not expressly repealed, and is not repealed by implication except in cases where there is an appraisal under the statute of 1878. The circumstances of two cases which may be brought under that statute may be very different. In one there may be an appraisal. If there is, that fixes conclusively the value of the premises. In the other there is no appraisal, in which case the court ascertains the value upon any proper evidence.

The legislature did not intend to bar suits in cases where there was no appraisal, because it has not said so. It has said that one omission (to make the debtor a party to the foreclosure) shall constitute a bar, and said it expressly; the court cannot extend it to an omission to have an appraisal. But it did intend that the mortgage debtor as well as the creditor should have an opportunity to have an appraisal. It is optional, not compulsory. The statute proceeds upon the theory that the debtor has an interest in having an appraisal; therefore he may move for the appointment of appraisers. But if the defendant is right in his construction of the statute, it is for the debtor's interest to have no appraisal, for then no suit can be maintained against him.

If the legislature had intended to bar a suit unless there

was an appraisal it would have said so expressly, or would have used language that would admit of no other construction. But the language used will admit of another construction, and when considered with reference to the subject matter and the object of the statute, seems to require it.

We advise judgment for the plaintiff.

In this opinion the other judges concurred, except PARK, C. J., who dissented.