## The State ex rel. August E. Wallen vs. William L. Hatch.

First Judicial District, Hartford, March Term, 1909.

Baldwin, C. J., Hall, Prentice, Thayer and Roraback, Js.

A law special and local in its application is not affected by a statute general in terms, unless the intent that it should have such effect is clearly manifest.

A repeal of a statute by implication is not favored, and is never presumed when the old and new statute may well stand together.

Section 10 of the charter of the city of New Britain (14 Special Laws, p. 921) provides for an election of city officers, including a school committee, by the voters, and § 14 declares that "all vacancies in any of the said offices shall be filled by the common council." Section 37 invests the school committee with all the rights, powers and duties possessed by committees of consolidated school districts and by selectmen, under the laws of this State, one of which (§ 2218) prescribes that town school committees shall fill vacancies in their own number until the next annual meeting. *Held* that these apparently inconsistent provisions could both stand and have effect, the special law as applicable to the particular case of New Britain, and the general law to the towns of the State at large; and therefore the common council of New Britain and not the school committee was empowered to fill vacancies in the latter body.

In *quo warranto* proceedings the burden is upon the respondent to show a complete title to the office in dispute; otherwise judgment of ouster must be rendered against him.

Argued March 2d—decided April 15th, 1909.

Action in the nature of *quo warranto* to determine the title of the respondent to the office of school committeeman of the city of New Britain, brought to and tried by the Superior Court in Hartford County, *Robinson, J.*, upon the plaintiff's demurrer to the respondent's plea; the court sustained the demurrer and rendered judgment of ouster against the respondent, from which he appealed. *No error.*

*James E. Cooper*, for the appellant (respondent).

*Frank L. Hungerford*, for the appellee (plaintiff).

RORABACK, J. In January, 1909, there being a vacancy in the school committee of the consolidated school district in the city of New Britain, the common council of that city elected the relator to fill it. Upon the following day the school committee elected the respondent to fill the same office. The school committee refused to recognize the relator as a member of their board, but recognized the respondent, who assumed the position of a member of the school committee and, as the relator claims, usurped the office. This action is brought to try the title of the respondent to the office, and to determine whether the power to fill such a vacancy rests with the common council or the committee itself.

The relator claims that by an express provision of the charter of New Britain the power to fill vacancies in the school committee is vested in the common council. Section 11 of the Special Acts of 1905 (14 Special Laws, p. 922) consolidating the town and city government of New Britain, provides that "after this Act takes effect, the town of New Britain shall elect no officers except its selectmen, town clerk, and constables; and except, also, such officers as are by law voted for at the biennial electors' meeting in November." Section 14 of the Act, p. 923, provides that "all vacancies in any of said offices shall be filled by the common council." It is further enacted in § 36, p. 932, that "said city shall be a consolidated school district, and it shall be in place of the town of New Britain in all the duties, obligations, and other matters required by law of or by the town concerning education, and it shall act in such matters instead of the town."

The respondent contends that the school committee, by virtue of the charter and the Public Acts, has the power to fill vacancies in its number. Section 37 of the charter (p. 932), relied upon in part by the defendant to support his contention, provides that "there shall be a school committee of said city, with all the rights, duties, or powers

concerning schools and educational matters now or here-after vested in committees of consolidated school districts and selectmen of towns by the laws of this state." It is claimed that this latter provision, when read in connection with § 2218 of the General Statutes (which provides that "the town school committee . . . shall fill vacancies in their own number"), authorizes the school committee to fill all vacancies in that board.

The charter of the city of New Britain went into effect in 1905, and essential differences have arisen between its provisions and the general laws of the State. We have no need to inquire whether this special legislation affects officers other than school committees, or other rights, powers and duties concerning school and educational matters in New Britain. The question before us is whether this Consolidation Act deprived the school committee of the power of filling vacancies in that board, and conferred this authority upon the common council.

Section 14 of the Act, when considered with other clauses, provides that vacancies in the school committee, like vacancies in the board of relief and other offices, shall be filled by the common council. This provision is not affected by the provisions of the General Statutes that town school committees shall fill vacancies. The two Acts, while inconsistent, can both stand and full effect be given to each. Section 14 of the charter, passed in 1905, relates exclusively to the city of New Britain. Section 2218 of the General Statutes makes provisions which in its terms are applicable to the powers of school committees of the towns of the entire State. These statutes are not coextensive, they do not both cover the same subject-matter, and by a fair and reasonable construction both can be made to work together, and each made to accomplish a different and independent result.

A special and local statute, providing for a particular case or class of cases, is not affected by a statute general in

its terms, broad enough to include cases embraced in the special law, unless the intent to repeal or alter is manifest. *People ex rel. Leet* v. *Keller,* 157 N. Y. 90, 97, 51 N. E. 431; *Matter of Commissioners of Central Park,* 50 N. Y. 493. So far as the provisions of the charter are necessarily inconsistent with the general and earlier statute, the provisions of the former are controlling. It is said that the later statute is regarded as modifying the earlier in some particular respect, or taking certain things out of its operation. Endlich on Interpretation of Statutes, § 215; *Wormser* v. *Brown,* 149 N. Y. 163, 170, 43 N. E. 524. Repeals by implication are not favored, and will never be presumed where the old and new statute may well stand together. *Fair Haven & W. R. Co.* v. *New Haven,* 75 Conn. 442, 447, 53 Atl. 960; *Windham County Savings Bank* v. *Himes,* 55 Conn. 433, 12 Atl. 517; *Bissell* v. *Dickerson,* 64 Conn. 61, 29 Atl. 226; *Kallahan* v. *Osborne,* 37 Conn. 488; *Central Ry. & Elec. Co.'s Appeal,* 67 Conn. 197, 35 Atl. 32. It is apparent that under the provisions of its charter the method of filling vacancies in the school committee is brought within the jurisdiction of the common council of the city of New Britain.

The respondent further claims that the relator's appointment is invalid because it appears that he is a member of the common council appointing him.

In *quo warranto* proceedings the burden is upon the respondent to show a complete title to the office in dispute, otherwise judgment of ouster must be rendered against him. *State ex rel. Reiley* v. *Chatfield,* 71 Conn. 104, 110, 40 Atl. 922.

There is no error.

In this opinion the other judges concurred.