RAPHAEL ACAMPORA vs. HUBERT E. WARNER, JR.

Third Judicial District, Bridgeport, April Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Prior to 1833 the foreclosure of a mortgage operated as a bar to any subsequent action on the mortgage debt; but since then the right of a mortgagee to a deficiency-judgment has been recognized if the property acquired on foreclosure fails to satisfy the mortgage indebtedness.

The statutory provision (§ 4124) allowing an appraisal of the mortgaged property in a suit for its foreclosure, as the basis for a deficiency-judgment, is not obligatory upon the parties, nor is the method prescribed by the statute the only one whereby a deficiency in the security may be determined; and therefore the omission to move for an appraisal will not prevent the mortgagee from subsequently collecting of the mortgagor so much of the mortgage indebtedness as exceeds the value of the mortgaged property, provided the person or persons so liable were made parties to the foreclosure suit.

Argued April 10th—decided June 1st, 1917.

ACTION in the nature of debt on judgment, brought to and tried by the City Court of New Haven, *Booth, J.;* facts found and judgment rendered for the plaintiff for $395, and appeal by the defendant. *No error.*

*Henry W. Stowell,* for the appellant (defendant).

*Arthur C. Graves,* with whom was *Robert J. Woodruff,* for the appellee (plaintiff).

RORABACK, J. On January 5th, 1913, the plaintiff obtained a judgment against the defendant in the Court of Common Pleas for New Haven County for $327. An execution was issued upon this judgment on January 31st, 1913, and a deputy sheriff levied upon a certain automobile belonging to the defendant and took it into his possession. The defendant desired to use the

automobile in his business, and requested the plaintiff's attorney to accept, as temporary security for the payment of the judgment, a note and mortgage for $327 upon two pieces of real estate of which the defendant was the record owner. The lien upon the automobile was then released. The plaintiff was not present when the defendant offered his note as security for the judgment, but the plaintiff's attorney accepted this note and mortgage with the distinct understanding that they were received as temporary security only for the payment of the judgment. The defendant represented to the plaintiff's attorney that he intended to settle this judgment within a short time, and merely gave the note and mortgage temporarily. At the time of giving this mortgage the defendant grossly magnified the value of the mortgaged property, and represented to the plaintiff's attorney that one piece referred to in the mortgage was worth at least $4,500 and was mortgaged for only $2,500, and that the other piece was worth $3,500 and was mortgaged for only $1,700. As a matter of fact, each of these pieces of real estate was worth less than the first mortgage upon it, and the defendant's interest in both was worthless. After failing to keep many promises to pay the judgment made by the defendant, the plaintiff on February 24th, 1913, brought foreclosure proceedings on the mortgage, and on March 21st, 1913, obtained a judgment of strict foreclosure thereon. On or about the date of final judgment in the foreclosure proceedings, the plaintiff was himself foreclosed by the holders of prior mortgages, and failed to realize anything upon his judgment debt against the defendant. No deficiency-judgment was asked for or taken in the foreclosure suit.

The defendant contended that the judgment of foreclosure against the defendant, upon the mortgage, operated *ipso facto* as an extinguishment of the judg-

ment debt. Prior to 1833 the foreclosure of a mortgage operated as a bar to any subsequent action on a mortgage note. Chapter 18 of the Public Acts of 1833 removed this bar, and ever since then the right of a mortgagee to a deficiency-judgment after strict foreclosure, has always been coupled, in this State, with some provision for fixing the actual value of the property as of the date of the foreclosure, and for making that valuation a basis for determining the existence and amount of any claimed deficiency. Rev. 1849, Title 12, Chap. 3, p. 341, § 27; Rev. 1866, Title 18, Chap. 3, p. 396, § 28; Rev. 1875, Title 18, Chap. 7, p. 358, § 2; Rev. 1888, § 3011; Rev. 1902, § 4124. See *Staples* v. *Hendrick*, 89 Conn. 100, 103, 93 Atl. 5.

Section 4123 of the General Statutes provides that "the foreclosure of a mortgage shall be a bar to any further action upon the mortgage debt, note, or obligation, unless the person or persons who are liable for the payment thereof are made parties to such foreclosure." This statute plainly indicates "that the foreclosure of a mortgage should operate as a payment of the debt to secure which the mortgage was given, unless the creditor chose to make all the persons liable for the payment of such debt parties to the foreclosure proceedings. . . . If the mortgagee is not willing to take the property mortgaged as full payment for his debt he has only to make all the persons to whom he may wish to resort for further payment parties to his foreclosure suit." *Ansonia National Bank's Appeal*, 58 Conn. 257, 259, 18 Atl. 1030, 20 id. 394.

There is no merit in the defendant's contention that the method laid down by the statutes is an exclusive method by which a mortgagee may collect the deficiency, if any, and is the only method by which a supposed deficiency may be determined. As we have stated, such a procedure is binding only as to those

upon whose motion the sale was ordered. The defendant was a party to the foreclosure suit, but there was no appraisal. The legislature did not intend to bar suits where there was no appraisal. It did intend that the mortgage debtor as well as the creditor should have an opportunity to have an appraisal. This is optional, not compulsory. The statute proceeds upon the theory that the debtor has an interest in having an appraisal; therefore he may move for the appointment of appraisers. *Windham County Savings Bank* v. *Himes,* 55 Conn. 433, 436, 12 Atl. 517.

There is no error.

In this opinion the other judges concurred.