## MIDDLETOWN NATIONAL BANK
vs.
## JAMES T. CAFFREY, ET AL.

Superior Court     Middlesex County     File #6768

Present: Hon. ERNEST A. INGLIS, Judge.

B. E. Spencer,     Attorney for the Plaintiff.

I. Polinger,     Attorney for the Defendants.

**MEMORANDUM FILED FEBRUARY 3, 1936.**

INGLIS, J.—The defect in the complaint indicated by the first ground of demurrer has been cured by an amendment

filed since the demurrer was argued with the consent of the defendants and therefore need not be passed upon.

The complaint as amended alleges that the plaintiff holds notes of defendants which were originally secured by a mortgage of real estate and by the assignment of a policy of insurance on the life of the defendant, James Caffrey, payable to Catherine Caffrey as beneficiary and that the mortgage was foreclosed without obtaining a deficiency judgment. It seeks a declaratory judgment as to the rights of the parties with reference to said insurance policy and a judgment for the balance due upon the original notes.

The second to fifth grounds of demurrer are in substance a claim that the appropriation of the real estate which occurred when title became absolute in the plaintiff pursuant to its judgment of foreclosure completely satisfied the debt and that the only way in which the plaintiff could have recovered anything more on its indebtedness was by way of procuring a deficiency judgment under **Section 5083 of the General Statutes, Revision of 1930.**

Originally, it was the law of this State that when a mortgagee took the mortgaged property on foreclosure he took it in satisfaction of the mortgage debt. That, however, was changed by a statute passed in 1833 which statute as amended in 1878 is now **Section 5080.** Under that statute it has been uniformly held that such a taking of the mortgaged property satisfies the debt only pro tanto to the value of the property on the date when it was taken. This has been subject only to the proviso since 1878 that the mortgagee may collect the difference between the value of the property taken and the amount of the debt only from such persons liable therefor as were made parties to the foreclosure action.

**Acampora vs. Warner, 91 Conn. 586; Cion vs. Schupack, 102 Conn. 644; Bergin vs. Robbins, 109 Conn. 329; Wilcox vs. Bliss, 116 Conn. 329, 331.**

It is contended by the defendant that the case of **City Lumber Co. vs. Murphy, 120 Conn. 16** overrules those cases. The only point decided in the City Lumber Company case contrary to the holding in the former cases is that the foreclosed property is appropriated by the mortgagee at the time title becomes absolute in him rather than at the time he

actually goes into possession. The opinion states that **Cion vs. Schupack** and **Bergin vs. Robbins** are overruled "to the extent that they are inconsistent with this conclusion" (page 26). So far from holding that the appropriation of the property by the mortgagee satisfies the mortgage debt in toto rather than pro tanto the opinion at page 20 reads as follows:

> "Prior to 1833 the foreclosure of a mortgage operated to bar any subsequent recovery upon the mortgage debt, but since then, by successive statutes, a mortgagee has been accorded a right to recover the deficiency when the value of the property acquired on foreclosure and appropriated to payment of the debt proves insufficient to satisfy it in full; provided, since 1878, the persons liable for the deficiency are made parties to the foreclosure suit. 'The debt is paid only when the mortgagee has appropriated to it the property mortgaged and the value of that property exceeds the mortgage debt'."

It is clear, therefore, that it is still the law of this State that the appropriation of mortgaged property satisfies the mortgage debt only pro tanto to the value of the property as of the date that it is appropriated.

It is likewise clear that the method of obtaining judgment for the difference between the value of the property and the amount of the debt provided by **Section 5083, General Statutes, Revision of 1930,** is not an exclusive method. It is a relatively easy method provided for the mortgagee's convenience. But the fact that such procedure is provided by statute does not prevent the mortgage creditor from proceeding in any other permissible way to recover from those liable on the mortgage note provided of course that those so liable have been made parties to the foreclosure proceedings and, therefore, have had an opportunity to protect themselves and enforce such equities as may have been in their favor. Certainly the mortgagee may sue those liable on the mortgage note for the deficiency in a separate action and collect the deficiency out of any additional security or assets that he can reach.

**Acampora vs. Warner, 91 Conn., 586; German vs. Gallo, 100 Conn., 708; Cion vs. Schupack, 102 Conn., 644.**

The sixth ground of demurrer is not well taken.

For the foregoing reasons the demurrer is overruled.