The First New Haven National Bank et al.,
Executors (Estate of Edward S. Russell) v.
John L. Sullivan, Tax Commissioner

Superior Court     New Haven County     File No. 91406
at New Haven

Memorandum filed March 11, 1960

*Daggett, Colby & Hooker,* of New Haven, for the plaintiffs.

*Albert L. Coles,* attorney general, *Frederick W. Dauch* and *Herman Levine,* assistant attorneys general, for the defendant.

Thim, J. This is an appeal from a decree of the Probate Court for the district of New Haven denying the application of the executors of the estate of Edward S. Russell for the recomputation of succession tax in said estate. The parties stipulated to these facts: On July 12, 1954, the succession tax return in the estate was filed and on or before March 19, 1957, a succession tax of $17,711.59 was

paid pursuant to the defendant's offer of compromise by letter dated February 28, 1957, computation of defendant dated March 12, 1957, and a decree of the Probate Court dated March 15, 1957. There were omitted from the succession tax return two claims, one for a promissory note in the amount of $57,500 and the other for taxes due the city of New Haven in the amount of $225. The note was omitted because the executors believed that because it was secured by an assignment of insurance policies on the decedent's life it was not a proper deduction. The claim for taxes was omitted because the bill had gone astray.

Subsequent to the payment of the succession tax, the internal revenue service filed a claim with the executors claiming a tax deficiency of $185,545.99. The executors contested this claim in the Tax Court of the United States, and the contest resulted in a decision holding that there was no deficiency. As a result of the tax deficiency claim and the proceedings in the Tax Court, the executors incurred additional administration expenses in the amount of $19,531.50. In May, 1959, the executors filed in the Probate Court an amended succession tax return which listed the two claims and additional expenses incurred in the tax deficiency case. They requested the defendant to make a recomputation of the tax based on the amended return and he refused to do so.

On June 22, 1959, the plaintiffs filed in the Probate Court an application for the recomputation of the tax on the basis of the amended return as filed and pursuant to a compromise between the highest possible tax and the lowest possible tax or in the alternative the approval of the recomputation and compromise tax as claimed by the plaintiffs. On August 26, 1959, the Probate Court entered an order denying and dismissing the application. The issue

in this case is whether this court can direct the Probate Court to grant a supplemental succession tax proceeding to the executors after the Probate Court's decree fixing the amount of the tax and after the time for appeal has expired.

The facts reveal that the parties agreed to compromise the tax. The tax was computed and a waiver of hearing was signed by the parties. Pursuant to the waiver of a hearing on computation of the tax, the court made a finding and issued a decree stating the succession tax to be as computed. No appeal was taken from this decree. The authority of the Probate Court to enter the decree is derived from §§ 12-367–12-368 of the General Statutes. Section 12-367 provides in part: "Such decree shall be conclusive upon the state and all persons interested unless an appeal is taken as provided for appeals from other decrees and orders of such court."

The executors in their brief are correct in conceding that unless they can obtain equitable relief they are bound by the provisions of § 12-367. They are seeking equitable relief on the theory that because there is no question about the deductibility of the additional items the Probate Court should have ordered a supplemental tax proceeding for the purpose of a recomputation of the tax. During the administration of estates, there are occasions when probate judges apply equitable principles in discharging their duties. Some of their statutory duties do call for the application of equitable rules or principles. However, this does not mean that a Probate Court has general or unlimited equitable powers. A Probate Court is one of limited jurisdiction and may only exercise such powers as are expressly conferred by statute. The authority to exercise an equitable power must be derived from a statute. In considering this appeal, the Superior

Court is acting as a Probate Court with no greater power than the Probate Court had.

The provision of § 12-367 grants no authority, legal or equitable, to the Probate Court to grant the relief sought by the executors. This section provides the legal procedure which must be followed in making a succession tax determination. The language used is quite clear and direct. No equitable power can even be inferred from the words used by the legislature. The duty of the judge of probate is specifically set forth. To sustain the position of the executors would have the legal effect of writing into § 12-367 a refund provision. Such intendment cannot be found in the statute. In the instant case, the tax has been paid and a refund should not be permitted unless a statutory directive provides for such refund.

The executors also urge that because supplemental proceedings may be had in the case of after-discovered property, equity should order a supplemental proceeding for after-discovered expenses. This argument carries little weight because the proceeding for after-discovered property is clearly provided for in a statutory enactment. General Statutes § 12-388. The evidence indicates that the parties voluntarily executed a compromise concerning the amount of the succession tax. The computed tax was agreed upon by the parties. The Probate Court found the tax to be as computed. It was paid without reservation and no appeal was taken. These facts do not allow this court or the Probate Court to disregard a statutory mandate and apply equitable principles as requested by the plaintiffs.

The relief sought by the executors cannot be granted. The appeal is denied.