F. George Brown, Tax Commissioner *v.* Elsa
Kuhlman, Administratrix (Estate of
Elsa Grabinsky), et al.

Superior Court     Hartford County     File No. 193049

Memorandum filed December 21, 1975

*Carl R. Ajello,* attorney general, *Robert J. Hale,* first assistant tax commissioner, and *Albert E. Sheary,* tax attorney, for the plaintiff.

*William C. Galligan,* for the defendants.

O'Brien, J. In this appeal from the decision of the Probate Court for the district of Hartford the plaintiff, tax commissioner, sets forth in his reasons for appeal the fact that the defendant administratrix of the estate of Elsa P. Grabinsky, late of the town of Newington, deceased, filed a succession tax return (form S-1) in the Probate Court on November 21, 1973, on which there was listed, among other assets, an interest in a closely held corporation at an appraised value of $52,800. On or about January 2, 1974, the administratrix filed an amended succession tax return (form S-1) in the Probate Court, in which the interest on the same closely held corporation was appraised at $13,200.

A certified copy of that return was forwarded to and received by the state tax commissioner on January 14, 1974. Thereafter, on February 19, 1974, the tax commissioner assessed the succession tax based on the original succession tax return. The administratrix paid the tax on May 21, 1974. On June 14, 1974, the administratrix filed an application with the tax commissioner for a refund of the succession tax under § 12-367 (d) of the General Statutes. That application was denied by the tax commissioner on June 17, 1974. On July 12, 1974, the administratrix applied to the Probate Court for a hearing on her application for a refund under § 12-367 (d). The Probate Court on November 9, 1974, entered an order altering the value of the corporate interest in accordance with the amended succession tax return and ordered the tax commissioner to refund to the administratrix the excess of tax with interest thereon. From that order the present appeal has been taken.

It is the contention of the tax commissioner that the section of the statute in question, § 12-367 (d), is inapplicable to the instant situation and that the Probate Court exceeded its jurisdiction in entering its decree as delineated above.

Section 12-367 of the General Statutes, entitled "Computation and assessment of tax. Refund of overpayment," provides the procedure for the computation of succession taxes. In the event that an interested party is dissatisfied with the computation of the tax, he may make written application to the Probate Court for a hearing upon the computation of the tax under subsection (b) of § 12-367. In the instant case the administratrix paid the tax assessed even though she had previously filed an amended S-1 return. Section 12-367 (b) further provides: "Subject only to the provisions of subsection (d) of this section the computation of the

tax by the tax commissioner shall be conclusive upon the state and all persons interested unless a hearing is held thereon as herein provided, in which case the decree of the probate court shall be conclusive upon the state and all persons interested unless an appeal is taken as provided for appeals from other decrees and orders of such court."

Prior to the enactment of subsection (d) of § 12-367, this court held in *First New Haven National Bank* v. *Sullivan,* 22 Conn. Sup. 78, 80, that "[d]uring the administration of estates, there are occasions when probate judges apply equitable principles in discharging their duties. Some of their statutory duties call for the application of equitable rules or principles. However, this does not mean that a Probate Court has general or unlimited equitable powers. A Probate Court is one of limited jurisdiction and may only exercise such powers as are expressly conferred by statute. The authority to exercise an equitable power must be derived from a statute. In considering this appeal, the Superior Court is acting as a Probate Court with no greater power than the Probate Court had." In *First New Haven National Bank* v. *Sullivan,* supra, it was held that after the succession tax has been paid, a refund should not be permitted unless a statutory direction provides for such refund.

Section 12-367 (d) provides that "[t]he tax commissioner may authorize a refund of an overpayment of such tax made because property was incorrectly included in the gross taxable estate because of a mistake or error if a claim for refund is filed with the tax commissioner and the probate court by the fiduciary or a transferee who has paid the tax within two years after the computation or the decree provided for in subsection (b) of this section determining the amount of the tax in which the

overpayment is included . . . ." That section first appeared in the General Statutes via Public Acts 1965, No. 410. A review of the legislative history of this amendment concerning refunds discloses that in a hearing before the Judiciary Committee on April 13, 1965, it was reported by Robert J. Hale, first assistant tax commissioner, that "I've had approximately ten cases come to me since I took office in which requests were made for refunds, all had to be refused, unfortunately but all of them were cases of property that simply had been incorrectly included in the original gross estate, in most cases it was real estate." 1965 Joint Standing Committee Hearings, pt. 2, p. 612. Subsequently, on June 8, 1965, in proposing the amendment that was subsequently adopted, Representative John W. Boyd stated: "This amendment provides for a recomputation in the event that some property has been included by error in the gross estate and succession tax has been computed on it and paid. At the present time there is no such provision in the statutes and it limits the period within which this can occur to two years. It is a good amendment and should pass." 11 H.R. Proc., pt. 8, 1965 Sess., p. 3927.

On a reading of § 12-367 (d) it appears to be unambiguous. There is no room for statutory construction where the legislative intent is clear. *Hartford Hospital* v. *Hartford,* 160 Conn. 370, 376. Although the administratrix would have this court construe that enactment to allow the refund in question, the clear meaning of the amendment would appear to dictate otherwise.

The general view is that the right to a refund of inheritance taxes is purely of statutory origin and that, in the absence of a statute, taxes erroneously paid cannot be recovered nor can they be voluntarily refunded by the state even though there

may be justice in the claim. Similarly, it has been held that the power of the state to refund estate taxes and of the executors of an estate to obtain a refund is dependent entirely upon express legislative authority. See Kidder, State Inheritance Tax and Taxability of Trusts (1960 Ed.) § 407.

Whether another approach for a refund might be available to the defendant administratrix this court need not now speculate. The court, however, holds that a refund is not obtainable under the circumstances existing in this case under § 12-367 (d) of the General Statutes.

The appeal of the plaintiff, tax commissioner of the state of Connecticut, must be and therefore is sustained.