PAUL J. MARSALA, JR. *v.* CITY OF BRIDGEPORT ET AL.
(6335)

DUPONT, C. J., SPALLONE and O'CONNELL, JS.

Argued May 4—decision released June 10, 1988

*Robert G. Zanesky,* associate city attorney, with whom were *R. Christopher Meyer* and, on the brief, *Lawrence J. Merly,* for the appellants (defendants).

*George P. D'Amico,* with whom, on the brief, was *Harold L. Rosnick,* for the appellee (plaintiff).

SPALLONE, J. The defendants appeal from the judgment rendered in favor of the plaintiff. The plaintiff, Paul J. Marsala, Jr., initiated a three count complaint against the defendants, the city of Bridgeport; Thomas

W. Bucci, mayor of the city of Bridgeport; and Frank A. Mercaldi, building official of the city of Bridgeport; seeking, in count one, a writ of mandamus; in count two, a quo warranto; and, in count three, damages for the city's breach of its agreement to employ him for a term of four years. We find no error.

There was evidence adduced at trial, which reasonably supported the following findings and conclusions of the trial court. On January 1, 1979, the then mayor of Bridgeport appointed Joseph Savino as building official for the city, for a term of four years ending January 1, 1983. Although Savino's four year term officially concluded on December 31, 1982, he remained in the position of building official until August 6, 1984. On August 6, 1984, mayor Leonard Paoletta appointed the plaintiff as building official for the city for a term of four years ending August 6, 1988. On or about March 20, 1987, the defendant Bucci terminated the plaintiff without providing notice or an opportunity to be heard, and appointed the defendant Mercaldi to the position of building official. Soon thereafter, the plaintiff commenced this action against the defendants.

Pursuant to an order to show cause, and by stipulation of the parties, a limited hearing was held as to the mandamus and quo warranto counts of the complaint. After this hearing, the trial court found the issues on these counts for the plaintiff, and from the judgment rendered thereon, the defendants appeal.

The defendants claim that the trial court erred (1) in concluding that the plaintiff's term of office commenced from the date of his appointment, and (2) in concluding that the defendant Mercaldi was not holding office under color of title.[1]

---

[1] The defendants also claim that the court erred in finding that the plaintiff was qualified for, and legally held, the position of building official because (1) the plaintiff never took an oath of office, and (2) the plaintiff's appointed

The defendants' first claim is that the trial court erred in concluding that the plaintiff's four year term of office began to run from the date of his appointment. General Statutes § 29-260 sets forth the term of office of a building official. Subsection (a) provides, in relevant part: "The chief executive officer of any town, city or borough, unless other means are already provided, shall appoint an officer to administer the [state building] code for a term of four years *and* until his successor qualifies and quadrennially thereafter shall so appoint a successor." (Emphasis added.) Subsections (b) and (c) set forth the proper procedures with regard to notice and hearing for the removal of such official for cause.

The defendants argue that each four year term commences from the date of the first appointment, and a new term commences on the anniversary of that date every four years. In order to support such a view, we would, in effect, have to hold that where a person in office holds over, he depletes that portion of his successor's term commensurate with his service past his termination date. The successor's four year term would then be four years, less any time served by the predecessor in office. This interpretation is flawed and lacks any basis in law.

"[I]t is only when the law does not fix the commencement of the term it begins to run from the date of

term, from August 6, 1984 to August 6, 1988, was actually for a term of four years and a day and, therefore, illegal. We find no merit to either of the claims and they warrant little discussion. First, the trial court's conclusion that General Statutes §§ 29-260 and 29-261, which authorize the position of building official, do not require the administration of an oath is not erroneous. Second, we agree with the trial court that even if the plaintiff's appointment was flawed by the inclusion of an extra day, that defect would invalidate only the last day not the entire term. The defendants conveniently ignore the fact that all of the preceding appointments to this position were similarly made on the basis of calendar years and they offer no support for their contention that such an appointment creates a de facto tenure.

appointment." *Brown, State's Attorney ex rel. Gray* v. *Quintilian,* 121 Conn. 300, 306, 184 A. 382 (1936). "The commencement of the term of public office may be fixed by the constitution or statute of a state. Where no time is fixed by law for the commencement of an official term, the general rule is that the term begins to run from the date of appointment. . . ." 63A Am. Jur. 2d, Public Officers and Employees § 160, pp. 786–87.

The statute setting forth the term of the building official is clear and unambiguous. It mandates a four year term *"and* [such period of time] until his successor qualifies." (Emphasis added.) The interpretation pressed by the defendants would render the conjunctive "and" meaningless and would allow an appointing authority to "set aside the plainly expressed intention of the legislature." *State ex rel. McCarthy* v. *Watson,* 132 Conn. 518, 536–37, 45 A.2d 716 (1946). "Where the language is plain and unambiguous, as in this case, the intent of the statute is to be determined from its language. *Landry* v. *Personnel Appeal Board,* 138 Conn. 445, 447, 86 A.2d 70 [1952]. In such a case, the enactment speaks for itself and there is no occasion to construe it. *State ex rel. Cooley* v. *Kegley,* 143 Conn. 679, 683, 124 A.2d 898 [1956]; *Wilson* v. *West Haven,* 142 Conn. 646, 654, 116 A.2d 420 [1955]. The words used in expressing the legislative intent are to be given their commonly approved meaning. General Statutes § 1-1; *Southern New England Telephone Co.* v. *Public Utilities Commission,* 144 Conn. 516, 522, 134 A.2d 351 (1958); *Spellacy* v. *American Life Ins. Assn.,* 144 Conn. 346, 354, 131 A.2d 834 [1958]. It must also be assumed that the General Assembly had a purpose, for every sentence, clause or phrase in the statute. *McAdams* v. *Barbieri,* [143 Conn. 405, 419, 123 A.2d 182 (1956)]." *State* v. *Springer,* 149 Conn. 244, 248, 178 A.2d 525 (1962). Furthermore, there is no room for statutory construction where the legislative intent is clear. *Brown*

v. *Kuhlman,* 32 Conn. Sup. 275, 278, 351 A.2d 81 (1975). Accord *Jones* v. *Civil Service Commission,* 175 Conn. 504, 509, 400 A.2d 721 (1978). "The basic rule of statutory construction requires us to ascertain the intention of the law-making body; *Bell* v. *Planning and Zoning Commission,* 173 Conn. 223, 226, 377 A.2d 299 (1977); *Bridgeman* v. *Derby,* 104 Conn. 1, 8, 132 A. 25 (1926); and to construe the statute in a manner that effectuates that intent." *Green* v. *Warden,* 178 Conn. 634, 637–38, 425 A.2d 128 (1979).

The trial court's conclusion that the legislature's intent, as expressed in General Statutes § 29-260, was to provide for a four year term plus any holdover time as an extension of that term, is legally and logically sound. It would be inappropriate and difficult to give any other meaning to the word "and" as used in the statute. Certainly, the defendant's argument that the word "and" diminishes the length of the officeholder's successor is untenable.

The defendants' final claim is that the defendant Mercaldi held office legally, under color of title, and could not be ousted from his position in an action of quo warranto.[2] We disagree.

"An action in the nature of quo warranto may be brought to challenge a person's legal authority to hold public office. *State ex rel. Neal* v. *Brethauer,* 83 Conn. 143, 145–46, 75 A. 705 (1910)." *Carleton* v. *Civil Service Commission,* 10 Conn. App. 209, 212, 522 A.2d 825 (1987). "A quo warranto proceeding under the common law lies only to test the defendant's right to hold office

---

[2] General Statutes § 52-491, the statutory authorization for quo warranto proceedings, provides: "When any person or corporation usurps the exercise of any office, franchise or jurisdiction, the superior court may proceed, on a complaint in the nature of a quo warranto, to punish such person or corporation for such usurpation, according to the course of the common law and may proceed therein and render judgment according to the course of the common law."

de jure. *State ex rel. Hoerle* v. *Thomas,* 127 Conn. 426, 428, 17 A.2d 514 (1941); *State ex rel. Eberle* v. *Clark,* 87 Conn. 537, 541, 89 A. 172 (1913). In proceedings in the nature of quo warranto, the object is to test the 'actual right to the office and not merely a use under color of right.' *State ex rel. Southey* v. *Lashar,* 71 Conn. 540, 545, 42 A. 636 (1899), and see cases there cited. It is well established that in quo warranto proceedings the burden is upon the defendant to show 'a complete title to the office in dispute.' *State ex rel. Gaski* v. *Basile,* [174 Conn. 36, 38, 381 A.2d 547 (1977)]; see *State ex rel. Barlow* v. *Kaminsky,* 144 Conn. 612, 616, 136 A.2d 792 (1957); *State ex rel. Wallen* v. *Hatch,* 82 Conn. 122, 125, 72 A. 575 (1909); *State ex rel. Reiley* v. *Chatfield,* 71 Conn. 104, 110, 40 A. 922 (1898)." *Cheshire* v. *McKenney,* 182 Conn. 253, 256–57, 438 A.2d 88 (1980); see also *Beccia* v. *Waterbury,* 185 Conn. 445, 456–57, 441 A.2d 131 (1981) *(Beccia I)*.

The trial court's finding that the defendant Mercaldi's appointment was void ab initio due to the plaintiff's unlawful removal from office before his term expired is fully supported by the evidence adduced at trial. The defendant failed to sustain its burden of proof. *Cheshire* v. *McKenney,* supra, 257.

There is no error.

In this opinion the other judges concurred.